Blau Keane Law Group P.C.
David S. Blau #166825
david@blaulaw.net
Ron L. Nelson #130722
ron@blaulaw.net
128 Center Street
El Segunda, California 90245
Telephone: (310) 410-1900
Facsimile: (310) 410-1901

Attorney for Plaintiff, ARCH SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EVANSTON INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 2:17-cv-00774-MCE-DB<br><br>**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL SETTLEMENT AGREEMENT** |

The parties Plaintiff Arch Specialty Insurance Company ("Arch") and Defendant Liberty Surplus Insurance Company ("Liberty"), hereby stipulate as follows and respectfully request that the Court enter the following Protective Order re: Confidential Settlement Agreement in this action:

**1.　SCOPE OF PROTECTIVE ORDER**

　　(a)　The parties agree to the confidentiality of the settlement agreement between Arch and Evanston. The parties agree to the protection of this Protective Order with respect to any documents, testimony, information and things (collectively "materials") produced or created in this action that refer, relate or consists of the Arch and Evanston settlement agreement. The settlement agreement shall be designated as "Confidential" and information related to the agreement is hereinafter referred to as "Confidential Information".

(b) This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with the Local Rules if they seek to file anything under seal.

**2. DESIGNATION OF PROTECTED MATERIAL**

The parties stipulate and agree that the settlement agreement between Arch and Evanston, including all materials related thereto, shall be deemed "Confidential" without further action by any party. With respect to documents, the copy of the settlement agreement when produced shall bear the clear and legible designation "Confidential – Subject to Protective Order" on each page of the document. With respect to any discovery requests or the responses thereto relating to Confidential Information, the pages of such requests or responses shall bear a legend substantially stating that "This Document Contains 'Confidential' Material Subject to a Protective Order."

**3. DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL**

(a) Materials designated "Confidential", as well as summaries, excerpts and extracts thereof that reflect portions of the contents that are designated "Confidential," shall not be disclosed to or made accessible to any person expect as specifically permitted by this Protective Order. Materials designated "Confidential" shall be used solely for the prosecution, defense or settlement of this action, and, except by consent of the Producing Party or by order this Court shall not be used at any time for any other purpose whatsoever.

(b) Material designated as "Confidential" may be disclosed only to:

    (i) The Court, its staff, clerks, law clerks, jurors or other finders of fact in this action;

    (ii) Attorneys involved in the representation of a party in this action and their staff, assistants, paralegals, and all other staff involved in assisting its litigation;

    (iii) In-house attorneys employed by a party and their secretaries, paralegals and legal assistants;

    (iv) The parties, officers and employees of the parties assisting counsel in the litigation, provided that materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment

of counsel, reasonably necessary to counsel's preparation, prosecution, settlement or defense of the case;

(v) Any expert or consultant, including without limitation interpreters, who is retained by any of the Parties in this action or by their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this action (this category hereinafter referred to as "Experts");

(vi) Deponents at a deposition who are not parties or officers or employees of a party, but only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order, and sign the Certification attached as Exhibit A hereto, acknowledging that they are bound by the terms of the Protective Order and are required not to disclose information which is designated as "Confidential" outside the scope of this litigation.

(vii) Witnesses or potential witness, whether or not called to testify as a witness at either a deposition or court proceeding in this action, but only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order, and sign the Certification attached as Exhibit A hereto, acknowledging that they are bound by the terms of the Protective Order and are required not to disclose information which is designated as "Confidential" outside the scope of this litigation and only if the party who wishes to show or disclose documents or information designated as "Confidential" by any other party to any such witness or potential witness first gives written notice to the Designating Party of his, her or its intention to do so, as follows. Such written notice must identity the witness or potential witness to whom the party intends to disclose Confidential Information, must identity (by Bates number or other reasonably particular manner) the Confidential Information he, she or it wishes to disclose to that person, and must be provided to the Designating Party at least fourteen (14) days prior to showing or disclosing any material designated as "Confidential" to the witness or potential witness. A Notice of Deposition shall

constitute notice under this provision if it otherwise complies with the requirements set forth herein. If the Designating Party objects to the disclosure of Confidential Information to a witness or potential witness, which objection shall be made in writing served to all counsel within fourteen (14) days after service of the written notice described herein, the Designating Party promptly, and in any event not later than ten (10) days after the Designating Party objects to the proposed disclosure, shall file a motion for protective order against disclosure of the Confidential Information to the witness or Potential witness, and set a hearing on such motion at the earlier date that is permitted by the applicable rules and on which all counsel and the Court are available.

(viii) Deposition and court reporters, including videographers, and their support personnel, for purpose of preparing transcripts and/or audio-video records of testimony.

(ix) Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms; and

(x) Any person who created the document or was a recipient thereof. Each person to whom confidential material is disclosed, other than persons described in Paragraph 3(b)(i) through (iv), shall execute the Certification attached as Exhibit A hereto prior to disclosure, and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this Court for the purpose of enforcement, except that individuals identified in Paragraph 3(b)(iii), (iv) and (viii) shall not be required to execute the Certification, provided that counsel making disclosure to such individuals advises them of the terms of this Protective Order and they agree to be bound thereby. Counsel disclosing material containing Confidential Information to persons required to execute the

Certification shall retain all such Certifications. Copies of the executed Certifications shall be preserved by counsel and shall be provided to the opposing party if the Court so orders upon a showing of good cause.

4. **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

5. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

6. **FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated Confidential material. A party seeking to file under seal any designated material must comply with the Local Rules. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a ***receiving party's*** request to file designated material under seal pursuant to the Local Rules is denied by the Court, then the receiving party ***may file the material in the public record***

unless (1) *the designator* *seeks* reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 7. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60- day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

## 8. RESERVATION OF RIGHTS

By designating any material "Confidential" the parties do not acknowledge that any such material is relevant or discoverable in this action. This Protective Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action. Designation of material as "Confidential" pursuant to this Protective Order does not in any way restrict or adversely affect the Designating Party's use or disclosure of such documents, and does not restrict or adversely affect the non-designating party's right to object to the admissibility or other use of such documents.

The terms of this Stipulated Protective Order shall not be construed to constitute a waiver of California Evidence Code § 1115 et seq. or Federal Rule of Evidence 501, and any all rights thereunder regarding mediation privilege and confidentiality protections are expressly reserved.

///
///
///

**9. MODIFICATION**

Nothing in this Protective Order shall preclude any party from applying to the Court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Protective Order for good cause shown.

**10. RETENTION OF JURISDICTION**

The Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Protective Order. California law shall in all respects govern the interpretation and application of this Order.

DATED: September 20, 2018              BLAU KEANE LAW GROUP P.C.

                                       By:  /s/ Ron L. Nelson (as authorized on 9/20/2018)
                                            DAVID S. BLAU
                                            RON L. NELSON
                                            Attorneys for Plaintiff ARCH SPECIALTY
                                            INSURANCE COMPANY

DATED: September 20, 2018              MCCORMICK BARSTOW SHEPPARD
                                       WAYTE & CURRUTH, LLP

                                       By:  /s/ Patrick Fredette (as authorized on 9/20/2018)
                                            PATRICK FREDETTE
                                            Attorneys for Defendant LIBERTY SURPLUS
                                            INSURANCE

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**ORDER**

Based upon the agreement of the parties, the Court adopts the stipulated protective order described above, and each of the terms described in the stipulation of the parties shall govern the confidential settlement agreement in this action.

IT IS SO ORDERED.

Dated: September 25, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# CERTIFICATION

I, _____, hereby state and declare that I have read (or have had explained to me) and understand the Protective Order Re: Confidential Settlement Agreement of the District Court in the matter of *Arch v. Evanston et al.,* and hereby agree to fully comply with the terms and conditions thereof. I further consent to the jurisdiction of the Superior Court with respect to enforcement of the Protective Order.

Executed this _____ day of _____, 2018 at _____.

By: _____
Print Name: _____