UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE CORPORATION; AND DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:17-cv-0774 MCE DB<br><br>ORDER |

On September 28, 2018, defendant Liberty Surplus Insurance Company filed a motion to compel. (ECF No. 47.) The motion is noticed for hearing before the undersigned on October 19, 2018, pursuant to Local Rule 302(c)(1). (ECF No. 46.) However, that same day defendant filed a motion for an order shortening time for hearing of defendant's motion to compel.[1] (ECF No. 52.) Plaintiff filed an opposition on October 3, 2018. (ECF No. 55.)

---

[1] Defendant has also filed a motion for an extension of the written discovery deadline. (ECF No. 49.) Defendant's motion for an order shortening time also seeks an order shortening time for the hearing of defendant's motion for an extension of the written discovery deadline. (ECF No. 52.) However, those motions are before the assigned District Judge. This order concerns only defendant's motion for an order shortening time for hearing of defendant's motion to compel.

1

Local Rule 144(e) provides:

> Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action.

Here, defendant has not provided a satisfactory explanation for the need for the issuance of an order shortening time. In this regard, defendant argues that an order to shorten time to hear defendant's motion is the "byproduct of the decision by Arch Specialty Insurance Company" to not respond to defendant's discovery requests. (ECF No. 52 at 2.) However, the discovery requests at issue were served on July 24, 2018. (Id.) A scheduling order setting the deadline for discovery was issued in this action on April 12, 2017. (ECF No. 3.)

Defendant has had more than a year to serve the discovery requests at issue and have this dispute resolved. And, according to defendant, the deadline to complete written discovery is October 12, 2018.[2] (ECF No. 52 at 1.) As explained by the assigned District Judge, "'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." (ECF No. 3 at 2.) Even if the undersigned were to hear defendant's motion on shortened time, there would not be sufficient time remaining in the discovery period to issue an order and for the order to be obeyed.

Accordingly, IT IS HEREBY ORDERED that defendant's September 28, 2018 ex parte application to shorten time to hear defendant's motion to compel (ECF No. 52) is denied.

Dated: October 9, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\arch0774.short.time.den.ord

---

[2] Plaintiff contends the deadline was August 1, 2018. (ECF No. 55 at 2.)

2