UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:17-CV-00774-MCE-DB<br><br>**ORDER MODIFYING PRETRIAL SCHEDULING ORDER** |

Presently before the Court are several motions, each related to discovery deadlines outlined in the Court's original and modified Pretrial Scheduling Orders ("PTSO"). ECF Nos. 3, 30. Pertinent here are three motions by Defendant Liberty Surplus Insurance Company ("LSIC"). First is LSIC's Motion for Extension of Time to Extend Non-Expert Discovery Deadline, ECF No. 31, requesting that the deadline for non-expert discovery be extended from August 1, 2018 to October 12, 2018, and the deadline to file dispositive motions be extended from October 12, 2018 to November 12, 2018. Second is LSIC's Motion for a 20-Day Extension of Time to Extend Written Discovery Deadline, ECF No. 49, requesting that the deadline for written discovery be extended to November 1, 2018. Third is LSIC's Ex Parte Application to Shorten Time for

1

Hearings, ECF No. 52, on both a Motion to Compel that is noticed before a Magistrate Judge, ECF No. 47, and the aforementioned 20-Day Extension Motion noticed before this Court.[1]

Once a district court has issued a PTSO pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). Prior to the final pretrial conference in this matter the Court can modify its PTSO upon a showing of "good cause." See Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated:

> A district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

LSIC's motions are opposed by Plaintiff Arch Specialty Insurance Company ("Arch Specialty") primarily on the grounds that LSIC was not diligent in meeting the Court's deadlines, and thus failed to show good cause to warrant modification of the PTSO.[2] The Court disagrees. The personal family circumstances described in the declaration of LSIC's counsel are sufficient to establish good cause for modifying the scheduling order. See Decl. of Patrick Fredette, ECF No. 44-1, at 2–3.[3]

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered these Motions submitted on the briefings in accordance with Local Rule 230(g).

[2] See ECF Nos. 35, 40, and 55, respectively.

[3] Plaintiff Arch Specialty filed a Motion to Strike (ECF No. 38) and Objections (ECF No. 40) to the original Declaration of Patrick Fredette in support of the Motion for Extension of Non-Expert Discovery Deadline (ECF No. 31-1) because Mr. Fredette did not sign the declaration under penalty of perjury. As Mr. Fredette's refiled declaration (ECF No. 44-1) corrects this error, Arch Specialty's Motion to Strike (ECF No. 38) and Objections (ECF No. 40), are DENIED as moot.

Therefore, good cause appearing, the Court orders that the PTSO in civil action number 2:17-cv-00774-MCE-DB titled <u>Arch Specialty Insurance Company v. Evanston Insurance Company; Liberty Surplus Insurance Company; and Does 1 through 100</u>, be amended to reflect the following changes:

1. Defendant LSIC's Motion for Extension of Time to Extend Non-Expert Discovery, ECF No. 31, and Motion for 20-Day Extension of Time to Extend Written Discovery, ECF No. 49, are GRANTED. All non-expert discovery, to include written discovery, shall be completed no later than **thirty (30) days from the date of the filing of this Order**. All dispositive motions will be filed no later than **sixty (60) days from the date of the filing of this Order**.

2. Defendant LSIC's Ex Parte Application to Shorten Time for Hearings, ECF No. 52, is DENIED as moot.

3. The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling on the last filed dispositive motion. If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions. The parties are to set forth in their Notice of Trial Readiness, the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth new dates for a final pretrial conference and trial.

IT IS SO ORDERED.

Dated: October 11, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE