1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARCH SPECIALTY INSURANCE                No.  2:17-cv-0774 MCE DB
     COMPANY,
12

13                  Plaintiff,                ORDER

14          v.

15   EVANSTON INSURANCE COMPANY;
     LIBERTY SURPLUS INSURANCE
16   CORPORATION; AND DOES 1 through
     100, inclusive,
17

18                  Defendants.

19

20          On September 28, 2018, defendant Liberty Surplus Insurance Company filed a motion to

21   compel.  (ECF No. 47.)  The motion was noticed for hearing before the undersigned pursuant to

22   Local Rule 302(c)(1).  (ECF No. 46.)  On October 16, 2018, the undersigned issued an order

23   denying the motion to compel, in part, for the parties' failure to comply with the page limitation

24   set forth in the undersigned's Standard Information.  (ECF No. 60.)

25          That same day, defendant filed a motion for leave to exceed the undersigned's page

26   limitation.  (ECF No. 61.)  Therein, defendant argues that Local Rule 251(c) requires the parties

27   to list each specific discovery item objected to, and the objection thereto.  (Id. at 1.)  According to

28   defendant, complying with Local Rule 251(c) "will cause the page limitation to increase from

                                                 1

approximately 15 pages to 59 pages.  (Id. at 2.)

However, defendant's motion notes that "[b]ecause plaintiff . . . contends the entire set of discovery served . . . was not timely, [plaintiff] refused to provide a substantive response to each and every interrogatory, request for admission, and request for production."  (Id. at 1.)  Under such circumstances, Local Rule 251(c) explains that "[w]hen an objection is raised to a number of items . . . the arguments and briefing need not be repeated."

Defendant contends that the "substance of the parties' arguments . . . are not repeated throughout the Joint Statement."  (ECF No. 61 at 2.)  The undersigned disagrees with this contention.  Here, the parties' 60-page joint statement repeated the same argument and briefing—specifically with respect to the issues of "Lack of Timeliness Argument, Failure to Serve All Parties Argument and Numerical Limit Argument"—throughout the Joint Statement.  (ECF No. 58 at 13-59.)  The parties' Joint Statement makes clear that the central dispute between the parties is, as stated by defendant, plaintiff's belief that "the discovery is untimely[.]"  (Id. at 1.)  That issue, and any related disputes, can be briefed in less than 25 pages.

Accordingly, IT IS HEREBY ORDERED that defendant's October 16, 2018 motion for leave to exceed the undersigned's page limitation (ECF No. 61) is denied.

Dated:  October 17, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\arch0774.page.den.ord

2