UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:17-cv-00774-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

In this coverage litigation, Plaintiff Arch Specialty Insurance Company ("Plaintiff") seeks contribution from Defendant Liberty Surplus Insurance Company ("Defendant") for its alleged failure to participate in the underlying construction defect settlement. ECF No. 1-1. Presently before the Court are the parties' Motions for Summary Judgment (ECF Nos. 77-78) and Defendant's Motion to Strike (ECF No. 89), all of which are fully briefed. For the reasons stated below, these Motions are all DENIED.[1]

///

///

---

[1] Because oral argument would not have been of material assistance in deciding these motions, the Court ordered that they be submitted on the briefs pursuant to Local Rule 230(g).

1

# BACKGROUND[2]

In 2012, North Natomas Apartments I, L.P., and North Natomas Apartments II, L.P. (collectively "North Natomas Apartments"), sued USA Properties Fund, Inc. ("USA Properties"), a general contractor, for damages resulting from the construction of an apartment complex ("underlying action"). Compl., ECF No. 1-1. Defense and indemnity were tendered to USA's direct carriers Plaintiff, Defendant, and Evanston Insurance Company ("Evanston"). Id. Following mediation and settlement negotiations, Plaintiff paid $3,250,000 to settle the underlying action on behalf of USA Properties. Id. Evanston and Liberty refused to contribute to this settlement. Id.

On February 16, 2017, Plaintiff initiated the present action in the Superior Court of California, County of Sacramento, seeking reimbursement from Defendant and Evanston. ECF No. 1-1. Defendant timely removed the case to this Court, and Plaintiff thereafter dismissed with prejudice all claims and causes of action against Evanston. ECF Nos. 1, 42.

In September 2018, Defendant filed a motion to compel, requesting that the Court order Plaintiff "to provide substantive responses to [Defendant's] first set of interrogatories and requests for admissions, as well as produce all relevant, non-privileged documents in response to [Defendant's] requests for production of documents." ECF No. 47. This motion was denied by the Magistrate Judge without prejudice on procedural grounds, after which Defendant renewed its motion, requesting the Court to compel Plaintiff "to produce all relevant, non-privileged documents in response to [Defendant's] request for production of documents." ECF Nos. 60, 65.

///
///

---

[2] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

This motion was then denied by the Magistrate Judge as untimely. ECF No. 71. The current motions followed and are DENIED.[3]

**ANALYSIS**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith

///

---

[3] Because the Court need not rely on any of the documents Defendant seeks to admit in its Requests for Judicial Notice, they are DENIED as moot.

Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

Every issue in this case is hotly contested, and the parties have identified numerous factual disputes with respect to (1) whether the Known Loss Exclusion in Defendant's policies to USA Properties bars coverage; (2) whether USA Properties qualifies as an additional insured under the general liability policies issued by USA Properties' subcontractors' insurance carriers, thus rendering Defendant's policies excess; and (3) whether Defendant acted in bad faith by refusing to settle or contribute to the settlement. See Pl.'s Mot. Summ. J., ECF No. 78; Def.'s Mot. Summ. J., ECF No. 77. Indeed, the parties disagree about fundamental issues such as when the property damage in the underlying action actually commenced and what caused that damage.

More specifically, Defendant argues that the property damage began in 2002, three years prior to the first policy period. See Def.'s Mem. Supp. Summ. J., ECF No. 79, at 10. Plaintiff, however, argues that the property damage was not discovered until 2012. See Pl.'s Mem. Supp. Summ. J., ECF No. 78-1, at 6. Similarly, Defendant argues defective construction was the sole cause, whereas Plaintiff contends that the installation and repair of scuppers in 2008 caused additional damage. See Def.'s Mem. Supp. Summ. J., ECF No. 79, at 14; Pl.'s Mem. Supp. Summ. J., ECF No. 78-1, at 6. A multitude of triable issues of fact such as these preclude entry of judgment as a matter of law, and both parties' Motions for Summary Judgment are thus DENIED.[4]

///

///

---

[4] Defendant's Motion to Strike, ECF No. 89, is DENIED as moot. The parties are advised, however, that the Court has little patience for the ceaselessly contentious approach Defendant has taken to its defense of this case. Seeking to prevent Plaintiff from presenting "any evidence and argument" on Defendant's coverage defenses is ridiculous and having to address such infantile arguments would be a waste of this Court's very limited resources. The Court expects that with the high caliber of counsel in this case and their sophisticated clients, they should be above resorting to reliance on these scorched earth litigation tactics, which the Court will not tolerate.

**CONCLUSION**

For the reasons set forth above, triable issues of fact preclude issuance of summary judgment in favor of either Plaintiff or Defendant. Both Plaintiff and Defendant's Motions for Summary Judgment, ECF Nos. 77-78, are therefore DENIED. Defendant's Motion to Strike, ECF No. 89, is therefore DENIED as moot.

IT IS SO ORDERED.

Dated: September 25, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE